DELGADO, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Sale with a Curable Defect.

No. 271.—Decided April 14, 1916.

CIVIL STATUS — SPOUSE OF PURCHASER — PURCHASE PRICE — CONJUGAL PARTNERSHIP—PRESUMPTION.—The fact that at the time of the acquisition of the property the law did not require the notary to state in the deed the name of the spouse of the person acquiring the property, if married, but only his civil status, cannot affect the rights of such spouse if the purchase money belonged to the conjugal partnership; for when the vendee is married at the time of the purchase it is presumed that the purchase price belongs to the partnership unless the contrary is shown.

ID.—CURABLE DEFECT—PRESCRIPTION.—When it is only stated in the deed that

the purchaser was married at the time of the acquisition of the property and the name of the spouse does not appear, a curable defect exists in a later contract involving the property. There is no presumption that a person now married to a certain person was married to the same person at a particular time in the past.

The facts are stated in the opinion.

*Mr. Benito Forés* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

Tomás Delgado presented a deed in the Registry of San Germán wherein Juana Ramona Vélez y Martínez, her mother and her two brothers sold some property to the said Delgado. The husband of Juana, Fernando Ballester, also signed the deed to give his consent to the transfer by his wife. The registrar recorded the deed with the curable defect of failure to state that Juana Ramona Vélez y Martínez was married to Fernando Ballester at the time of the acquisition of the land which she was seeking to transfer. The original transfer to Juana only said that she was married, but did not say who was her husband.

We were in some doubt as to whether the registry did not show that the particular property belonged to the separate estate of the wife inasmuch as although she was acquiring the same by purchase, she was acquiring it along with her mother and brothers, a fact which made it appear likely that her title was exclusive of any interest in her husband at the date of the acquisition. Hence, we had the registrar certify the original deed. Therein it only appears that Juana Ramona and the others are acquiring by purchase, but there is nothing in the deed to show the origin of the purchase money.

The appellant maintains that at the time of the acquisition of the property there was nothing in the law requiring a notary to state the name of the husband, but merely the status of the persons acquiring. But the fact that the notary was not obliged to say who the husband was, could not affect the question of the latter's rights if in point of

fact the purchase price of Juana Ramona's share emanated from the conjugal partnership. It is settled in our jurisprudence that it would be presumed that the purchase price had its origin in the partnership until the contrary appeared.

This being so, it was necessary to demonstrate in some way that Juana was in point of fact married to her present husband at the date of the acquisition of the land. Her then husband presumptively acquired an equal interest with her and if he is dead his heirs would have an interest. There is no presumption that a person married today to a particular person was married to the same person at a particular date in the past.

Under these circumstances we think it was necessary to show to whom Juana was married in 1906 to protect the interest of the purchaser in the event of her being married at that date to some one other than her present husband. The defect is susceptible of being cured by easy proof. When a matter is susceptible of such ready proof at slight cost and the registrar is plainly acting in the interest of possible third persons, we think that the parties should attempt to conform even where a technical appeal might lie.

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.